T.C. Summary Opinion 2008-20

UNITED STATES TAX COURT

DIANE AND FRANK BURKLEY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13748-04S.              Filed February 27, 2008.

Diane Burkley,[1] pro se.

<u>Jason W. Anderson</u> and <u>Kathleen C. Schlenzig</u>, for respondent.

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant
to the provisions of section 7463 of the Internal Revenue Code
(Code) in effect at the time the petition was filed.  Pursuant to
section 7463(b), the decision to be entered is not reviewable by
any other court, and this opinion shall not be treated as

_____

[1] Both petitioners signed the petition.  When the case was
called for trial, petitioner Diane Burkley informed the Court
that petitioner Frank Burkley was disabled and therefore unable
to physically be present at the trial.

precedent for any other case. Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a $10,048 deficiency in petitioners' Federal income tax for 2002 and a $2,009.60 accuracy-related penalty under section 6662(a).

The deficiency resulted from respondent's disallowance of: (1) $12,000 deducted as an other miscellaneous deduction for "home winterization" on Schedule A, Itemized Deductions, and (2) the following expenses claimed on Schedule E, Supplemental Income and Loss, for rental Property B (identified as an "apartment building" located at 8314 South Green Street):

| | |
|---|---:|
| Advertising | $350 |
| Auto and travel | 4,500 |
| Cleaning and maintenance | 3,000 |
| Repairs | 12,000 |
| Supplies | 900 |
| Utilities | 3,000 |

Petitioners attached a Schedule E to their Federal income tax return for 2002 showing three properties as follows: (1) Property A, a "2-flat building" located at 8314 South Green Street; (2) Property B, an "apartment building" located at 8314 South Green Street; and (3) Property C, an "apartment building" located at 8314 South Green Street.

In the deficiency computation, respondent increased the amount of the alternative minimum tax shown on the return and

recomputed the amount of itemized deductions allowable, taking into account the limitations due to adjusted gross income under section 67.

This case was originally set for trial on May 23, 2005. In anticipation of trial, respondent's counsel suggested that the parties meet at respondent's office. The parties met on May 12, 2005. During this meeting, respondent informed petitioner Diane Burkley (Mrs. Burkley) and petitioners' return preparer, Horace Ingram (Mr. Ingram), about Rule 91 (requiring parties to stipulate all facts, documents, and evidence not in dispute). In response to this exchange, Mr. Ingram replied: "rules are made to be broken".

During the above meeting, Mr. Ingram redefined the properties listed on petitioners' Schedule E with the following information: (1) Property A, and all expenses listed for it, pertained to a single-family residence located at 8314 South Green Street; (2) Property B, and all expenses listed for it, pertained to a multiunit building located on South Vernon Avenue, and (3) Property C, which was originally described on petitioners' Schedule E as an "apartment building" located at 8314 South Green Street, was included by error on Mr. Ingram's part, and all income and expenses listed for this property should be disregarded.

The meeting adjourned with no agreed-upon stipulation.

On May 17, 2005, respondent received (via facsimile) from petitioners a set of documents that included petitioners' 2002 Forms W-2, Wage and Tax Statement, petitioners' joint 2002 Form 1040, U.S. Individual Income Tax Return, a joint Form 1040X, Amended U.S. Individual Income Tax Return for 2002, and pictures of the South Green Street property and another rental property located at 11036 South Vernon Avenue.

On the basis of these documents, and pursuant to an order of this Court dated May 23, 2005, respondent filed an answer on July 29, 2005, in which respondent raised numerous new issues that resulted in an increased deficiency and a section 6662(a) accuracy-related penalty. The answer raised the following new issues: (1) Unreported rental income; (2) disallowance of five dependency exemption deductions; (3) unreported income from a State income tax refund; (4) disallowance, in total, of itemized Schedule A deductions for (a) medical and dental expenses, (b) real estate taxes, (c) personal property taxes, (d) home mortgage interest, (e) gifts to charity, and (f) unreimbursed employee business expenses; (5) disallowance in total of all Schedule E deductions; and (6) disallowance of rental and real estate loss because of passive activity loss limitations.

After concessions,[2] the issues for decision are: (1) Whether petitioners are entitled to deduct claimed Schedule E expenses as follows:

|  | Property A | Property B |
|---|---|---|
| Advertising | $350 | $350 |
| Auto and travel | 850 | 4,500 |
| Cleaning and maintenance | 2,000 | 3,000 |
| Insurance | 1,200 | 1,800 |
| Mortgage interest | 7,484 | 13,462 |
| Repairs | 6,500 | 12,000 |
| Supplies | 2,000 | 900 |
| Taxes | 1,404 | 1,404 |
| Utilities | 3,000 | 3,000 |
| Total | 24,788 | 40,416 |

(2) whether petitioners are entitled to claim Schedule A itemized deductions as follows:

| | |
|---|---|
| Medical and dental expenses | $25,000 |
| Home mortgage interest | 13,642 |
| Charitable contributions by cash or check | 18,000 |
| Charitable contributions other than by cash or check | 500 |
| Unreimbursed employee expenses | 13,500 |
| Total | 70,642 |

(3) whether petitioners failed to report rental income; (4) whether petitioners are entitled to claim five dependency exemption deductions; and (5) whether petitioners are liable for the accuracy-related penalty under section 6662(a).

---

[2] Petitioners concede that they are not entitled to claim: (1) A $1,404 Schedule A deduction for real estate taxes; (2) a $150 Schedule A deduction for personal property taxes; (3) any expenses with respect to "Property C", as listed on Schedule E of their 2002 return; (4) passive activity losses of $81,120. Petitioners are also not contesting the increase in their alternative minimum tax.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.

Petitioners resided in Chicago, Illinois, on the date the petition was filed.

During the year in issue, Mrs. Burkley was employed as a nurse at the University of Illinois, Gentivia Certified Healthcare, and Nursepower Services. Petitioner Frank Burkley (Mr. Burkley) was employed at Genetivia Certified Healthcare.

At the start of 2002, petitioners owned a single-family residence located on South Green Street in Chicago, Illinois (the South Green Street property). In April 2002, petitioners purchased a multiunit apartment building located on South Vernon Avenue in Chicago, Illinois (the South Vernon Avenue property).

The South Vernon Avenue property consists of three floors. Each of the floors contains an apartment with a living room, two bedrooms, a kitchen, and a sun porch. Petitioners moved into the first floor apartment of the South Vernon Avenue property in August 2002. At the time of their occupancy, a tenant resided in the second floor apartment. Petitioners evicted this tenant in August 2002 for failure to pay rent.

Petitioners rented out the second floor apartment starting in September 2002 for $500 a month. Petitioners rented out the

third floor apartment starting in October 2002 for $500 a month. In addition to paying rent, tenants occupying both of the South Vernon Avenue apartments were required to pay all utilities attributable to their respective units.

Petitioners continued to own the South Green Street property after they purchased the South Vernon Avenue property. Petitioners' daughter, Vernice, occupied the South Green Street property immediately after petitioners moved. Vernice paid petitioners $500 a month rent beginning in September 2002 and was also responsible for paying all utilities with respect to the South Green Street property. Two of Vernice's minor children-- L.B. and J.B.--lived with her at the South Green Street property.[3] These same children were listed as dependents on petitioners' 2002 Federal income tax return.

The South Green Street and the South Vernon Avenue properties are 5.1 miles apart.

Petitioners used the services of Mr. Ingram to prepare and file their 2002 return. Petitioners' 2002 return reflected the following: (1) $196,153 in wages, salaries and tips; (2) $29,916 Schedule E loss; (3) $166,282 adjusted gross income; (4) $73,353 in Schedule A deductions; (5) $16,886 total tax due; (6) $3,670 alternative minimum tax; (7) $40,538 Federal income tax withheld; and (8) $23,652 refund.

---

[3] The Court uses initials when referring to minor children.

## Discussion

In general, the Commissioner's determination as set forth in a notice of deficiency is presumed correct. <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933). In pertinent part, Rule 142(a)(1) provides the general rule that the burden of proof shall be on the taxpayer. In certain circumstances, however, if the taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the proper tax liability, section 7491 shifts the burden of proof to the Commissioner. Sec. 7491(a)(1); Rule 142(a)(2). Petitioners did not argue that section 7491 is applicable, and they did not establish that the burden of proof should shift to respondent. Petitioners, therefore, bear the burden of proving that respondent's determinations as set forth in the notice of deficiency are erroneous. See Rule 142(a); <u>Welch v. Helvering</u>, <u>supra</u> at 115.

With respect, however, to the issues raised in respondent's answer, which increased the amount of the deficiency, Rule 142(a)(1) places the burden of proof on respondent.

Finally, with respect to any penalty or addition to tax, section 7491(c) places the burden of production on the Commissioner.

## Schedule E Expenses

Petitioners maintain that they are entitled to deduct $24,788 in Schedule E expenses for the South Green Street

property (Property A) and $40,416 in Schedule E expenses for the South Vernon Avenue property (Property B). Respondent disallowed in the notice of deficiency all of the claimed expenses pertaining to Property B and pleaded in the answer that petitioners were not entitled to any of the claimed expenses with respect to Property A. We sustain respondent's determination with respect to Property B and hold that respondent has met the burden of proof with respect to Property A, on the basis of the facts hereinafter discussed.

Section 6001 provides, in pertinent part, as follows:

SEC. 6001. NOTICE OR REGULATIONS REQUIRING RECORDS, STATEMENTS, AND SPECIAL RETURNS.

Every person liable for any tax imposed by this title [title 26, Internal Revenue Code of 1986], or for the collection thereof, shall keep such records, render such statements, make such returns, and comply with such rules and regulations as the Secretary may from time to time prescribe. * * *

Petitioners provided no receipts to substantiate any of the expenses claimed for either Property A or B. For example, Mrs. Burkley admits that they did not spend $350 to advertise either Property A or B for rent and that, in the case of Property A, no advertising of any kind was necessary since their daughter took possession of that property immediately after they moved to Property B. Mrs. Burkley acknowledged that $700 claimed for auto and travel expenses was arbitrarily arrived at. Mrs. Burkley testified that the $2,000 claimed for cleaning expenses for

Property A was paid to clean out the basement of that property in anticipation of their move.

Our examination of the record convinces us that petitioners failed to maintain any records whatsoever with respect to the items claimed on the Schedule E attached to their 2002 return. Moreover, Mrs. Burkley and their tax preparer, Mr. Ingram, admit that some of the figures claimed for deductions taken on their 2002 return, including all of their Schedule E deductions, were false and/or arbitrarily contrived. Accordingly, without any evidence to the contrary, we sustain respondent's determination and hold that respondent has met the burden of proof with respect to the issues relevant to petitioners' 2002 Schedule E as raised in the answer.

Schedule A Deductions

Petitioners maintain that they are entitled to deduct $73,353 in Schedule A expenses for taxable year 2002. Respondent disallowed $24,788 of petitioners' claimed Schedule A expenses in the notice of deficiency and further challenged $48,565 of claimed expenses in the answer. We sustain respondent's determination with respect to the disallowance in the notice of deficiency and hold that respondent has met the burden of proof with respect to the remaining amount, after concessions, as asserted in the answer, and based on the facts hereinafter discussed.

The aforementioned section 6001 frames our analysis with respect to this issue. Mrs. Burkley admitted that they maintained no receipts for any of the $25,000 claimed in medical and dental expenses. Mrs. Burkley admitted that they had no records or receipts for many of the expenses claimed on Schedule A, including all of the taxes listed, unreimbursed business expenses, job expenses, or miscellaneous deductions claimed.

With respect to the $18,000 claimed for cash or check gifts made to a charity, petitioners did provide respondent with an unsigned receipt for contributions they purportedly made to Screaming Eagle M.B. Church at 1820 West 59th Street, Chicago, Illinois. The receipt included a breakdown of the $18,000 claimed by petitioners by specific categories such as "tithing" and "Sunday School", etc. Ms. Dominque Hall is named as the secretary/treasurer of the church on this receipt.

On the basis of our examination of the unsigned receipt and after careful reading of the transcript of the proceeding, we have grave doubts as to the trustworthiness of the receipt and are not convinced that petitioners gave a total of $18,000 to Screaming Eagle M.B. Church in 2002 or that the church did, in fact, exist at the address listed on the receipt provided, if it did exist at all.

As to the $500 noncash gift, Mr. Ingram testified that this was the value of clothing and goods donated to the Salvation Army

at its drop boxes, where there are no receipts.  Petitioners did not offer any evidence as to what, where, or when the non-cash items were donated to the Salvation Army.

We are not convinced on the basis of our review of the entire record that petitioners are entitled to claim an $18,500 deduction for gifts to charity.

Finally, with respect to the other miscellaneous $12,000 deduction claimed for "home winterization", Mr. Ingram admitted that he mistakenly duplicated this amount from the amount claimed for repairs on Schedule E for Property B.

Accordingly, and based on the foregoing, respondent's determination is sustained with respect to the $24,788 of Schedule A deductions disallowed in the notice of deficiency.  We also hold that respondent has satisfied the burden of proof with respect to the $48,565 of Schedule A deductions disallowed in the answer.

Rental Income

Mrs. Burkley admitted receiving rent from Property A and B in 2002 as follows:  (1) Property A--$2,000, (2) Property B, second floor--$2,000, and (3) Property B, third floor--$1,500. Respondent pleaded in the answer that petitioners did not report the rents collected on Property A and B as income on their return.

Petitioners reported $7,000 in rent received from Property A and $7,000 in rent received from Property B on Schedule E of their return. While the Court is perplexed as to why petitioners would have inflated the rent received, we do find that they did, indeed, report rent received on their 2002 return. Petitioners did not, however, report the correct amount of rent received, which was $5,500. We hold, therefore, on the basis of Mrs. Burkley's admission, that petitioners must include only $5,500 of rental income for taxable year 2002.

Dependency Exemption Deductions

Petitioners claimed five dependency exemption deductions on their 2002 return. Petitioners listed three minor children-- M.Y., L.B., and J.B--and two adults--Fred Henigan and Harold Burkley--as dependents. In the answer, respondent asserted that petitioners are not entitled to the five claimed dependency exemption deductions on the grounds that: (1) Petitioners had failed to prove their entitlement to claim a dependency exemption deduction for any of the individuals listed on their return, and (2) they failed to maintain adequate records to substantiate amounts paid in support of the claimed dependents.

Section 151 allows deductions for personal exemptions, including exemptions for dependents of a taxpayer. See sec. 151(c). Section 152(a) defines the term "dependent" in pertinent part to include a son or daughter of the taxpayer, or a

descendant of either, a brother or brother-in-law of the taxpayer, and an individual who has as his or her principal place of abode for the taxable year the home of the taxpayer, if over half of his or her support for the calendar year was received from the taxpayer. The term "support" includes "food, shelter, clothing, medical and dental care, education, and the like." Sec. 1.152-1(a)(2)(i), Income Tax Regs.

In determining whether an individual received more than half of his or her support from a taxpayer, there shall be taken into account the amount of total support received from the taxpayer as compared to the entire amount of support which the individual received from all sources. Id.

Mrs. Burkley testified that the three minor children were her grandchildren. Mrs. Burkley also testified that two of the children listed on petitioners' 2002 return--L.B. and J.B.--lived with their mother, her daughter Vernice, at the South Green Street property. Mrs. Burkley failed to explain adequately why the third grandchild, M.Y., resided with them. Petitioners provided no evidence as to the total amount of support that they provided to these children or as to the total amount of support provided to these children from all sources. Petitioners' only evidence with respect to the grandchildren was testimony that when all of the grandchildren slept at the South Vernon Avenue

property, two of the children slept on the sun porch, and one child slept in Mrs. Burkley's bedroom.

With respect to the two adults claimed as dependents, petitioners provided no evidence either that they had provided more than half of these individuals' support during the year in issue or of the total amount of support received by each of these individuals.  Further, petitioners did not offer any evidence to substantiate that Fred Henigan made either petitioners' residence at South Green Street or South Vernon Avenue his primary place of abode during the year in issue.  The only evidence offered with respect to these individuals was Mrs. Burkley's testimony that Fred Henigan shared a bedroom with Mr. Burkley when he slept at the South Vernon Avenue property and that Harold Burkley slept on the couch in the living room of the South Vernon Avenue property.  Accordingly, because petitioners have provided no credible evidence proving that they are entitled to claim five dependency exemption deductions with respect to the aforementioned individuals, we conclude that respondent has satisfied the burden of proof with respect to this issue and hold that pursuant to section 152, petitioners are not entitled to five dependency exemption deductions in taxable year 2002.

Accuracy-Related Penalty

In the notice of deficiency, respondent determined that petitioners were liable for the accuracy-related penalty under section 6662(a) for underpayment of tax.

Section 6662(a) imposes a 20-percent penalty with respect "to any portion of an underpayment of tax required to be shown on a return". This penalty applies to underpayments attributable to any substantial understatement of income tax. Sec. 6662(a), (b)(2).

An "understatement" of income tax is defined as the excess of the tax required to be shown on the return over the tax actually shown on the return. Sec. 6662(d)(2)(A). An understatement is "substantial" if it exceeds the greater of 10 percent of the tax required to be shown on the return, or $5,000. Sec. 6662(d)(1)(A).

Section 6664 provides a defense to the accuracy-related penalty if a taxpayer establishes that there was reasonable cause for any portion of the underpayment and that he or she acted in good faith with respect to that portion. Sec. 6664(c)(1); sec. 1.6664-4(a)(1), Income Tax Regs. Although not defined in the Code, "reasonable cause" is viewed in the regulations as the exercise of ordinary business care and prudence. See sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Whether a taxpayer acted with reasonable cause and in good faith is made on a case-

by-case basis, taking into account all the pertinent facts and circumstances.  Sec. 1.6664-4(b)(1), Income Tax Regs.  The taxpayer's education, experience, and knowledge are considered in determining reasonable cause and good faith.  And, generally, the most important factor is the extent of the taxpayer's effort to assess his or her proper tax liability.  Sec. 1.6664-4(b)(1), Income Tax Regs.

Respondent determined an accuracy-related penalty under section 6662(a) to be applicable in this case because petitioners understated their income tax by $10,048 on their 2002 return. Because petitioners' understatement of tax was greater than 10 percent of the tax required to be shown on the return, or $5,000, the understatement was a substantial understatement of income tax pursuant to section 6662(d)(1)(A)(i) and (ii).

Petitioners argue that they should not be held liable for the penalty because of their reliance on the income tax preparation provided to them by Mr. Ingram.

Respondent carries the burden of production under section 7491(c) with respect to the accuracy-related penalty under section 6662.  To meet that burden, respondent must come forward with sufficient evidence indicating that it is appropriate to impose the penalty.  Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  Although respondent bears the burden of production with respect to the penalty, respondent "need not introduce evidence

regarding reasonable cause * * * or similar provisions.  * * * the taxpayer bears the burden of proof with regard to those issues." Id.

Petitioners concede certain determinations that respondent made in the notice of deficiency and, as a result, have acknowledged that an underpayment of tax exists for the year in issue.  Petitioners offered no evidence under section 6662 with respect to those items raised in either the petition or the answer.  On the basis of the foregoing, we hold that respondent has satisfied the burden of production under section 7491(c).

We further conclude that petitioners have failed to show that their reliance on Mr. Ingram's tax return preparation was reasonable.  Mr. Ingram admitted that he was not an accountant, that he was unfamiliar with the computer software that he used to prepare petitioners' return, that he had made many errors with respect to petitioners' 2002 return, and that his rush to complete the return also resulted in errors.  Petitioners' reliance on Mr. Ingram as their tax return preparer was clearly unreasonable.  Petitioners have, therefore, failed to carry their burden of showing any reasonable cause for the underpayment of tax for 2002.  See sec. 6664(c)(1).

On the entire record before us, we hold that petitioners have failed to carry their burden of proving that they are not liable for an accuracy-related penalty for 2002 under section

6662(a).  We accordingly sustain respondent's determination with respect to that issue.

<u>Decision will be entered</u>

<u>under Rule 155</u>.